UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FERNANDO CAMARAZA, JR. | ) | |
| | ) | Case Number |
| **Plaintiff** | ) | |
| | ) | |
| vs. | ) | CIVIL COMPLAINT |
| | ) | |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC | ) | JURY TRIAL DEMANDED |
| A WHOLLY-OWNED | ) | |
| SUBSIDIARY OF PORTFOLIO | ) | |
| RECOVERY ASSOCIATES, INC. | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Fernando Camaraza, Jr., by and through his undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Fernando Camaraza, Jr., is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of the ("FCCPA") Florida Consumer Collection Practices Act.

## II.  JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant maintains an office located in this District.

## III.  PARTIES

4. Plaintiff, Fernando Camaraza, Jr., (hereafter, Plaintiff) is an adult natural person residing at 14162 SW 260th Street, Homestead, Florida 33032. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Portfolio Recovery Associates, LLC (hereafter, Defendant), a wholly-owned subsidiary of Portfolio Recovery Associates, Inc, at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of Florida and the Commonwealth of Pennsylvania with an office located at 1100 East Hector Street, Suite 250, West Conshohocken, PA 19428.

6. Defendant, Portfolio Recovery is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7. On or about January 18, 2005, a judgment was entered against the Plaintiff by the Defendant on a debt allegedly owed to Bank One Financial in the amount of $4,611.34 in Miami-Dade County, Florida.

8. Plaintiff satisfied this judgment on or about September 2, 2008.

9. Plaintiff received a "Satisfaction of Judgment" on or about October 14, 2008 and heard nothing more on this account.

10. On or about November 15, 2012, however, Plaintiff went to make a purchase and was informed that the funds in his bank account were not available.

11. Plaintiff's bank account contained approximately $9,000.00.

12. Plaintiff's bank account is also in the name of his spouse.

13. On or about the next day, November 16, 2012, Plaintiff found out that his account was being garnished by the Defendant to collect on the already satisfied judgment.

14. Defendant was again attempting to collect the balance of $4,611.34.

15. Plaintiff immediately contacted the Defendant who stated that they did not have confirmation that the judgment referenced above was satisfied.

16. Plaintiff was told to send over the proof that he had as soon as possible.

17. Defendant stated that if the judgment was in fact satisfied that they would send over a letter for the Plaintiff to give to his bank to have the "hold" removed.

18. On that same day, November 16, 2012, Plaintiff faxed the "Satisfaction of Judgment" to the Defendant.

19. Defendant did not respond.

20. On or about November 27, 2012, at 2:00pm, Plaintiff contacted the Defendant again, and spoke with a female agent who agreed that there had been a mistake and that the issue would be resolved within two (2) hours.

21. On or about November 28, 2012, Plaintiff discovered when checking his bank account, that he still had no access to his money.

22. As of the filing of this complaint, the Plaintiff's bank account is still being "held" by the Defendant.

23. Plaintiff has incurred numerous insufficient funds and returned item fees due to Defendant's erroneous actions.

24. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

25. The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, the Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

26. At all times pertinent hereto, the Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

27. At all times pertinent hereto, the conduct of the Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## **COUNT I – FDCPA**

28. The above paragraphs are hereby incorporated herein by reference.

29. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

30. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(5): | Caused any charges to be made to the consumer |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Portfolio Recovery Associates, LLC, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

d.   Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II – FCCPA

### *VIOLATIONS OF THE FLORIDA* CONSUMER COLLECTION PRACTICES AT

31. The above paragraphs are hereby incorporated herein by reference.

32. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes;

33. The foregoing acts and omissions constitute violations of the FCCPA, including but not limited to, violations of:

> (9)   Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist;

> (19)   Cause charges to be made to any debtor

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, for the following:

a.   Actual damages;

b.   Statutory damages;

c.   Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.   Such additional and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: December 14, 2012**

**BY:  */s/  Brent F. Vullings BFV8435***
Brent F. Vullings, Esquire
VULLINGS LAW GROUP, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff